## SECRETARY'S CERTIFICATE

I, Derek Eckelman, hereby certify that I am the duly appointed, qualified and acting Executive Vice President, General Counsel and Corporate Secretary of Allen Systems Group, Inc., a Delaware corporation (the "Company"), and, as such, I am authorized to execute and deliver this Secretary's Certificate on behalf of the Company, and do hereby certify that the attached hereto as **Exhibit A** is a true, correct and complete copy of the resolutions adopted by the board of directors of the Company at a duly convened meeting on February 17, 2015. Such resolutions have not been revoked, modified, amended or rescinded since their adoption, are in full force and effect as of the date hereof, and are the only resolutions adopted by the board of directors of the Company with respect to the subject matter thereof.

**IN WITNESS WHEREOF**, I have executed this Secretary's Certificate on this 17th day of February, 2015.

By: _____
Derek Eckelman
Executive Vice President, General Counsel
and Corporate Secretary

LA\4013628.1

<u>**EXHIBIT A**</u>

**RESOLUTIONS
OF
THE BOARD OF DIRECTORS
OF
ALLEN SYSTEMS GROUP, INC.**

Pursuant to the provisions of Section 141 of the Delaware General Corporation Law, at a duly noticed meeting of the directors (collectively, the "<u>Directors</u>") of the board of directors (the "<u>Board of Directors</u>") of Allen Systems Group, Inc., a Delaware corporation (the "<u>Company</u>"), at which all members of the Board of Directors were present, the Board of Directors does hereby take and adopt the following actions at a duly called special meeting of the Board of Directors pursuant to the Amended and Restated Certificate of Incorporation of the Company dated December 14, 2012 (the "<u>Certificate of Incorporation</u>") and the Amended and Restated By-Laws (the "<u>By-Laws</u>") of the Company.

**WHEREAS**, each member of the Board of Directors of the Company has waived any and all notice requirements in connection with the resolutions adopted herein, and has specifically waived notice of the special meeting at which the resolutions herein were adopted;

**WHEREAS**, the Board of Directors has reviewed and considered the operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's products and services, the liquidity situation of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's businesses, creditors and other parties in interest;

**WHEREAS**, the Board of Directors has received, reviewed and considered the recommendations of the senior management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "<u>Bankruptcy Code</u>"), and the Board of Directors has had an opportunity to consult with the Company's management team and the Company's legal, financial and other advisors and has fully considered each of the strategic alternatives available to the Company;

**WHEREAS**, in the business judgment of the Directors, it was in the best interests of the Company and the Company's creditors, employees and other parties in interest that the Company negotiate and enter into a comprehensive settlement agreement with the Company's sole shareholder and with the support of Company's existing lenders, secured second lien noteholders, and sole shareholder;

**WHEREAS**, pursuant to the direction and approval of the Board of Directors, the Company, the sole shareholder, the Company's existing lenders, and over 68% of the Company's second lien noteholders engaged in good-faith negotiations over the terms of a comprehensive

settlement agreement of the sole shareholder's claims against the Company, which settlement was entered into on or about December 10, 2014;

**WHEREAS**, in the business judgment of the Directors, it was in the best interests of the Company and the Company's creditors, employees and other parties in interest that the Company negotiate and enter into a comprehensive restructuring support agreement with the Company's existing lenders, secured second lien noteholders, and sole shareholder;

**WHEREAS**, pursuant to the direction and approval of the Board of Directors, the Company's management and advisors engaged in good-faith negotiations over the terms of a comprehensive restructuring support (the "Restructuring Support Agreement"), which was entered into on or about January 13, 2015 with the Consenting Lenders, the Consenting Noteholders, and Arthur Allen (as each term is defined therein);

**WHEREAS**, pursuant to the direction of the Board of Directors, the Company's management and advisors engaged in good-faith negotiations with the Consenting Lenders and Consenting Noteholders over the terms of the *Debtors' Joint Prepackaged Chapter 11 Plan* (the "Prepackaged Plan");

**WHEREAS**, the Directors, based on their business judgment and acting in the best interests of the Company, its creditors and other parties in interest, approved (i) the Prepackaged Plan and the *Disclosure Statement for the Debtors' Joint Prepackaged Chapter 11 Plan* (the "Disclosure Statement"), (ii) the solicitation of votes on the Prepackaged Plan and Disclosure Statement from the holders of the claims entitled to vote on the Prepackaged Plan, (iii) the distribution of the Prepackaged Plan and Disclosure Statement and the solicitation of votes thereon prior to commencing the Chapter 11 Cases (as defined below), and (iv) the filing with the United States Bankruptcy Court for the District of Delaware of the Prepackaged Plan and Disclosure Statement and any and all documents related thereto or necessary or expedient to implement the terms thereof, in each case, if and when appropriate;

**WHEREAS**, pursuant to the direction and authorization of the Board of Directors, the Company's management and advisors engaged in good-faith negotiations with respect to, obtained, and entered into a commitment for debtor-in-possession financing on or about February 2, 2015, for a senior secured debtor-in-possession financing credit facility in an aggregate amount up to $40 million (the "DIP Facility"). The Company proposes to enter into a credit agreement documenting the DIP Facility (as amended, supplemented, restated, or otherwise modified from time to time, the "DIP Credit Agreement") with the lenders set forth therein;

**WHEREAS**, the Company will obtain benefits of the DIP Facility; and

**WHEREAS**, management of the Company has recommended to the Board of Directors that the Company files or causes to be filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code for itself and certain of its subsidiaries (each a "Petition" and collectively, the "Petitions"), as contemplated by the Restructuring Support Agreement, and upon a motion duly

2

made, seconded and carried, the following resolutions were adopted by the affirmative and unanimous vote of the Directors, at a duly called special meeting of the Board of Directors of the Company in which a quorum was present, in each case, in accordance with the Certificate of Incorporation and the By-Laws of the Company:

I.  **Chapter 11 Cases**

**RESOLVED**, that in the business judgment of the Directors, it is desirable and in the best interests of the Company, its creditors, employees and other interested parties that Petitions be filed by the Company and certain of its subsidiaries under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that the Board of Directors of the Company shall and does hereby approve and ratify the recommendation of the Company's management to file Petitions on behalf of the Company and certain of its subsidiaries in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") commencing cases under Chapter 11 of Title 11, United States Code (each a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") on or after February 17, 2015; and it is further

**RESOLVED**, that each Authorized Officer (as defined below) be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company (i) to file the Petition for the Company, (ii) to commence its Chapter 11 Cases, (iii) to authorize the filing of a Petition for any subsidiary of the Company, (iv) to seek authority from the Bankruptcy Court to assume the Restructuring Support Agreement, (v) to seek confirmation from the Bankruptcy Court of the Prepackaged Plan, and (vi) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper and necessary to effect any of the foregoing, including—but not limited to—preparing, executing, verifying, filing, amending, supplementing, or modifying any and all documents required by, necessary, or appropriate to the filing and administration of the Chapter 11 Case (the "Chapter 11 Documents"); and it is further

**RESOLVED**, that any of the Authorized Officers of the Company, who may act without the joinder of any of the other officer of the Company, is hereby authorized to execute and deliver the Chapter 11 Documents in the name and on behalf of the Company and otherwise to take all actions (including, without limitation, (i) negotiation, execution, delivery, and filing of any agreements, certificates, or other instruments or documents, (ii) the payment of any retainer or consideration for any professional retained by the Company in the Chapter 11 Cases, and (iii) the payment of expenses and taxes as any such Authorized Officer may deem necessary, appropriate, or advisable (such acts to be conclusive evidence that such Authorized Officer deemed the same to be necessary, appropriate, or advisable) in order to commence and administer the Chapter 11 Cases, and all acts of the Authorized Officer taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects; and it is further

II. **Retention of Professionals**

**RESOLVED**, that each Authorized Officer be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to employ and retain, including executing appropriate retention agreements, paying appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and causing to be filed any appropriate application for authority to retain the services of (a) Pachulski Stang Ziehl & Jones LLP as general bankruptcy counsel to the Company; (b) Latham & Watkins LLP as special counsel to the Company; (c) Huron Consulting Services LLC to provide the services of a Chief Restructuring Officer to the Company, including the appointment of John C. DiDonato as Chief Restructuring Officer and the retention of additional authorized representatives to provide financial advisory services; (d) Rothschild, Inc., as investment banker and financial advisor to the Company; (e) Epiq Bankruptcy Solutions, LLC, as claims and noticing agent and as administrative advisor to the Company in connection with assisting with, among other things, solicitation, balloting, tabulation, rights offering subscription, and calculation of votes, as well as preparing any appropriate reports; and (f) various other ordinary course professionals; and it is further

**RESOLVED**, that each Authorized Officer be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to employ and retain, including executing appropriate retention agreements, paying appropriate retainers, and causing to be filed any appropriate application for authority to retain the foregoing professionals and any other individual and/or firm as professionals, consultants or financial or other advisors to the Company as are deemed necessary or appropriate to represent and assist the Company in carrying out its duties under the Bankruptcy Code; and it is further

III. **Debtor-in-Possession Financing**

**RESOLVED**, that each Authorized Officer be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company (A) to obtain post-petition financing according to terms negotiated, or to be negotiated, by the management of the Company, including under debtor-in-possession credit facilities or relating to the use of cash collateral, and (B) to secure the payment and performance of any post-petition financing by (i) pledging or granting liens and mortgages on, or security interest in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiaries of the Company, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, intercreditor agreements, mortgages, deeds of trust and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the officer executing the same, the execution thereof by such officer to be conclusive evidence of such approval or determination; and it is further

**RESOLVED**, that the form, terms, and provisions of the DIP Facility, the DIP Credit Agreement and each of the other DIP Facility Documents (as defined below), and the Company's incurrence and performance of its obligations under DIP Facility, the DIP Credit Agreement and each of the other DIP Facility Documents (as defined below), including any borrowings thereunder, granting of liens on, or security interests in, all or any portion of the Company's assets as provided therein, and the consummation of the transactions contemplated thereby, be, and hereby are, in all respects, authorized and approved; and further resolved, that each of the Authorized Officers, acting alone or with one or more Authorized Officers be, and hereby is, authorized and empowered to execute and deliver, and to cause the Company to incur and perform its obligations under, the DIP Facility, the DIP Credit Agreement and each of the agreements, documents and instruments contemplated by any of the foregoing or requested by the DIP Facility lenders in connection with any of the DIP Facility (together with the DIP Credit Agreement, the "DIP Facility Documents"), and each of the documents and instruments contemplated thereby, in the name and on behalf of the Company under its seal or otherwise, substantially in the forms presented to the Board of Directors, with such changes therein and modifications and amendments thereto as any Authorized Officer may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof; and it is further

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, amendment and restatements, supplements, modifications, renewals, extensions, replacements, consolidations, substitutions and extensions of the DIP Facility and DIP Facility Documents that shall in their sole judgment be necessary, proper or advisable; and it is further

**RESOLVED**, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Credit Agreement and any of the other DIP Facility Documents be, and hereby are, in all respects confirmed, approved and ratified; and it is further

## IV.   General Authorizations and Ratifications

**RESOLVED**, that for the purposes of these resolutions, the term "Authorized Officer" shall mean and include the Company's President, the Chief Restructuring Officer, the General Counsel, the Chief Financial Officer, the Treasurer, and/or the Secretary of the Company (collectively, the "Authorized Officers"); and it is further

**RESOLVED**, that the Authorized Officers be, and each of them acting alone or in any combination is, hereby authorized, directed and empowered from time to time in the name and on behalf of the Company, to (a) take such further actions and execute and deliver or cause to be executed and delivered, where necessary or appropriate, file (or cause to be filed) with the appropriate governmental authorities all such other certificates, instruments, guaranties, notices and documents as may be required or as such officer may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, (b) perform the

5

obligations of the Company under the Bankruptcy Code, the DIP Facility, the DIP Credit Agreement, and the other DIP Facility Documents, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Company, and (c) incur and pay such fees, expenses and other amounts as in his, her or their judgment shall be necessary, proper or advisable in order to fully carry out the intent and accomplish the purposes of each of the foregoing resolutions; and it is further

**RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects, confirmed, ratified and approved; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any director or officer of the Company or its subsidiaries or any of the Professionals in connection with the Restructuring Support Agreement, the Plan, the Disclosure Statement, the Chapter 11 Documents, the DIP Commitment, the DIP Facility, the DIP Credit Agreement, the other DIP Facility Documents, the reorganization or liquidation of the of the Company and any of its subsidiaries or any matter related thereto, or by virtue of these resolutions be, and they hereby are, in all respects, ratified, confirmed and approved; and it is further

**RESOLVED**, that these resolutions and actions shall be the actions of the Board of Directors of the Company, and the Secretary or any Assistant Secretary of the Company is hereby directed to place the Minutes of the Board of Directors with the records of the proceedings of the Board of Directors of the Company, and it is further

**RESOLVED**, that the Secretary, any Assistant Secretary or the Treasurer of the Company is hereby authorized to join the execution of, or attest and/or affix the corporate seal of the Company to, any documents, agreement or instrument executed by the President or Chief Executive Officer or other authorized officers of the Company on behalf of the Company in furtherance of the foregoing resolutions.

*[remainder of page intentionally left blank]*